IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DANNY CALLOWAY, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 1:21-cv-521-JMB-SJB

**BOYNE USA, INC.**            **DEFENDANT**

**BRIEF IN SUPPORT OF JOINT MOTION FOR CONDITIONAL
CERTIFICATION, APPROVAL OF COLLECTIVE
ACTION SETTLEMENT, AND DISTRIBUTION OF NOTICE**

**I.   INTRODUCTION**

Plaintiff Danny Calloway ("Named Plaintiff") and Defendant Boyne USA, Inc. ("Defendant"), by and through their undersigned counsel, jointly seek entry of an Order preliminarily approving the Parties' executed Collective Action Settlement Agreement and Release ("Agreement"), which resolves any claims arising out of the alleged failure to pay lawful overtime compensation for hours worked in excess of forty (40) per week to hourly-paid Sales Agents of Defendant during the time period of June 21, 2018 through June 21, 2021 ("Potential Opt-In Plaintiffs" and, together with Named Plaintiff, "Plaintiffs"). A copy of the Agreement is attached to the Parties' contemporaneously filed Motion as Exhibit 1. The Agreement was reached in compromise of a bona fide dispute between the Parties and was negotiated in good faith. For settlement purposes, the Parties move this Court to conditionally certify the following Collective under 29 U.S.C. § 216(b):

**All hourly-paid sales agents of Boyne USA, Inc., who earned a commission in connection with work performed in any week in which they worked over forty**

Page 1 of 14
Danny Calloway, et al. v. Boyne USA, Inc.
U.S.D.C. (W.D. Mi.) Case No. 1:21-cv-521-JMB-SJB
Brief in Support of Joint Motion for Conditional Certification,
Approval of Collective Action Settlement, and Distribution of Notice

**hours between June 21, 2018 and June 21, 2021.**

In order to effectuate the contemplated settlement, the Parties also seek approval of the proposed Settlement Notice ("Notice") and Consent to Join Settlement ("Consent") forms, attached to the Motion as Exhibits 2 through 5, and proposed method of distribution. The Notice explains the procedures for joining the settlement and what effect joining or not joining the settlement will have on the Potential Opt-In Plaintiffs' legal rights. Plaintiffs' counsel will distribute to the Potential Opt-In Plaintiffs the Court-approved Notice and Consent via email and first-class mail along with a prepaid return envelope. 45 days after first mailing the Notice and Consent forms, Plaintiffs' counsel will distribute to the Potential Opt-In Plaintiffs the postcard attached to the Parties' Motion as Exhibit 6. The Potential Opt-In Plaintiffs will have 90 days from the date of mailing to submit their completed Consent. Finally, the Parties request that Josh Sanford and the Sanford Law Firm be appointed as Collective Counsel and settlement administrator.

## II.   ARGUMENT

### A. Settlement Details

There are approximately 592 Potential Opt-In Plaintiffs, in addition to Named Plaintiff. Defendant has agreed to pay every Potential Opt-In Plaintiff who timely joins the settlement pursuant to the notice procedures set forth in the Agreement ("Opt-In Plaintiffs") the amount set forth in Appendix A of the Agreement. Defendant provided time and payroll data regarding hourly-paid Sales Agents during the relevant three-year period, and the alleged underpayment of overtime wages was calculated based on this available data. For purposes of the calculations, the allegations in the Complaint were

Page 2 of 14
Danny Calloway, et al. v. Boyne USA, Inc.
U.S.D.C. (W.D. Mi.) Case No. 1:21-cv-521-JMB-SJB
Brief in Support of Joint Motion for Conditional Certification,
Approval of Collective Action Settlement, and Distribution of Notice

construed in favor of Plaintiffs. The calculations take into account the hours worked by Plaintiffs, as well as their pay and bonuses received.

The allocated settlement amounts are equal to 100% of Plaintiffs' damages calculated for failure to include commissions in the regular rate of pay prior to calculating overtime pay, plus an additional 54% in liquidated damages. Named Plaintiff, for his service in actively providing information to his attorneys and answering Court-issued interrogatories, is receiving a service award of $1,500.00, or 1.7% of the common fund, in addition to his calculated damages under the allocation. If each Potential Opt-In Plaintiff timely submits a Consent, the allocated amounts to Plaintiffs would total $52,399.71.

The Plaintiffs, by executing a Consent, will provide the following limited release of wage claims only upon the Court's approval of this settlement:

> "…[T]he members of the Settlement Class will release any and all wage claims against Defendant that accrued up through June 21, 2021, including specifically any claims under the FLSA. . . . [T]he release obtained [is] for the benefit of Defendant and any and all of its affiliates, related companies, and all of their subsidiaries, successors, assigns, affiliates, shareholders, members, officers, managers, directors, partners, insurers, employees, and agents, all of whom are considered third party beneficiaries."

### B. The Standard for Settlement Approval

Circuits are split on whether a private settlement of an FLSA claim requires court approval. *Compare Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (enforcing a settlement that was reached without judicial or Department of Labor approval), *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding FLSA settlements require approval from the district court or Department of

Page 3 of 14
Danny Calloway, et al. v. Boyne USA, Inc.
U.S.D.C. (W.D. Mi.) Case No. 1:21-cv-521-JMB-SJB
Brief in Support of Joint Motion for Conditional Certification,
Approval of Collective Action Settlement, and Distribution of Notice

Labor), and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (same). The Sixth Circuit has yet to definitively rule on the question, but appears to presume that, as a general rule, claims under the FLSA "may not be settled without supervision of either the Secretary of Labor or a district court." *See Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-CV-12302, 2015 WL 1444400, at *1 (E.D. Mich. Jan. 12, 2015) (citations omitted). As a result of this uncertainty, the Parties request the Court's review and approval of the Settlement Agreement as fair, adequate, and reasonable.

If approval is required, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Smolinski v. Ruben & Michelle Enterprises Inc.*, No. 16-CV-13612, 2017 WL 835592, at *1 (E.D. Mich. Mar. 3, 2017) (citing *Snook*, No. 14-cv-12302, at *1; and *Lynn's Food Stores, Inc.*, 679 F.2d at 1353 (other citations omitted)). In reviewing a settlement of a private FLSA claim, the Court must scrutinize the proposed settlement for fairness and determine whether the settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *see also Simmons v. Mathis Tire & Auto Serv., Inc.*, No. 13-2875, 2015 WL 5008220, at *1 (W.D. Tenn. Aug. 20, 2015); *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 11-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012). When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages[] that are actually in dispute," the Court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354; *Williams v. B'nai B'rith Home & Hosp. for the Aged, Inc.*,

Page 4 of 14
Danny Calloway, et al. v. Boyne USA, Inc.
U.S.D.C. (W.D. Mi.) Case No. 1:21-cv-521-JMB-SJB
Brief in Support of Joint Motion for Conditional Certification,
Approval of Collective Action Settlement, and Distribution of Notice

No. 2:19-CV-2522-MSN-ATC, 2020 WL 7755693, at *3 (W.D. Tenn. Sept. 10, 2020) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement."). Additionally, a court presiding over an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

### C.  There is a Bona Fide Dispute Between the Parties

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 09-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)) (alteration in original). The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.*; *Williams,* 2020 WL 7755693 at *3.

This settlement was reached after exchange of relevant information, including time and payroll data for the relevant period, and in the course of arms-length negotiations between experienced counsel. Due to the Parties' reluctance to undergo a lengthy and inherently risky trial process involving analysis of time and pay logs, depositions, further pleadings, a trial, and, potentially, an appeal, they have entered into the Agreement. The Parties have specifically considered the potential value of their claims and defenses and have concluded that the proposed Agreement provides a fair

Page 5 of 14
Danny Calloway, et al. v. Boyne USA, Inc.
U.S.D.C. (W.D. Mi.) Case No. 1:21-cv-521-JMB-SJB
Brief in Support of Joint Motion for Conditional Certification,
Approval of Collective Action Settlement, and Distribution of Notice

and reasonable resolution of the claims.

Counsel for the Parties calculated Potential Opt-In Plaintiffs' damages for regular rate violations by analyzing time records and payroll data provided by Defendants, construing all allegations in the Complaint as to including commissions in the regular rate for purposes of calculating overtime in Plaintiffs' favor. Each Potential Opt-In Plaintiff's regular rate of pay was determined by dividing their weekly pay by the number of hours they worked and adjusting for any overtime hours worked. To arrive at their claimed damages, the regular rate of each Potential Opt-In Plaintiff was then adjusted by taking into account any commissions received. The Parties then took this new regular rate, divided it by 2 to come to an updated overtime premium rate, and then multiplied the updated premium rate by any overtime hours worked by each Potential Opt-In Plaintiff, thereby arriving at a lost wages damages number.

Given the genuine dispute between the Parties over the merits of the allegations of failure to pay proper overtime wages, the Agreement should be considered a fair, reasonable, and adequate compromise. Moreover, under the Agreement, only employees who take steps to join the settlement will waive any rights for hours worked. Thus, there is no concern that the rights of employees who do not participate in the settlement will be affected. *See McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984) (noting that FLSA collective actions do not implicate the same due process concerns as Rule 23 class actions because, under the FLSA, "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date"), abrogated on other grounds by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

Page 6 of 14
Danny Calloway, et al. v. Boyne USA, Inc.
U.S.D.C. (W.D. Mi.) Case No. 1:21-cv-521-JMB-SJB
Brief in Support of Joint Motion for Conditional Certification,
Approval of Collective Action Settlement, and Distribution of Notice

In this case, the compromise as to Potential Opt-In Plaintiffs' total calculated damages is due to the fact that the Parties dispute the nature of the relationship between the Parties and whether Plaintiff meets the "similarly situated" requirement under 29 U.S.C. §216. Defendant asserted, and continues to assert, that it was, and had reasonable grounds to believe it was, in full compliance with the FLSA and acted in good faith and not in violation—willful or otherwise—of the FLSA at any time relevant to this action. If the case had proceeded to trial Plaintiffs would also have borne the burden of proving that they were employees within the meaning of the FLSA and that they are similarly situated. *Salazar v. Brown*, No. G87-961, 1996 U.S. Dist. LEXIS 18113, at *18 (W.D. Mich. Apr. 9, 1996). *See also Jones-Turner*, 2007 U.S. Dist. LEXIS 79414, 2007 WL 3145980, at *3.

Further, Defendant has compromised by conceding to Plaintiffs' requests to permit recovery of both alleged unpaid wages and liquidated damages for the full three-year statutory period, though it continues to maintain that the overtime violations it is alleged to have committed were not willful and that, as such, Plaintiffs would statutorily be entitled to recovery of unpaid wages for only the two years prior to the filing of the Complaint and no liquidated damages.

The Parties agree that there is risk for both sides. Although the Parties continue to firmly believe in the merits of their respective claims and defenses, given the time and expense associated with continued litigation and discovery, dispositive motion practice, and trial, the Parties agree that a compromise is appropriate at this stage of the litigation. They desire to resolve this case by way of a negotiated settlement. *See Lynn's Food Stores*, 679 F.2d at 1354 ("Thus, when the parties [to the litigation] submit a

Page 7 of 14
Danny Calloway, et al. v. Boyne USA, Inc.
U.S.D.C. (W.D. Mi.) Case No. 1:21-cv-521-JMB-SJB
Brief in Support of Joint Motion for Conditional Certification,
Approval of Collective Action Settlement, and Distribution of Notice

settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching."). The settlement amount reflects a reasonable compromise of Plaintiffs' claimed damages.

### D. The Proposed Settlement is a Fair and Reasonable Resolution of the Parties' Dispute

In addition to resolving a *bona fide* dispute between the Parties, the settlement achieved is fair and reasonable and should be approved based on a review of six factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Persinger v. A Gentle Touch Home Care, Inc.*, No. 2:19-CV-02421-ATC, 2020 WL 8093496, at *3 (W.D. Tenn. Sept. 28, 2020); *Nutting v. Unilever Mfg. (U.S.) Inc.*, No. 2:14-CV-02239-JPM, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014); *Green v. Hepaco, LLC*, No. 2:13-CV-02496-JPM, 2014 WL 2624900, at *3 (W.D. Tenn. June 12, 2014).

First, there is no evidence of, nor was there, any fraud or collusion that occurred between counsel. *See Schneider v. Goodyear Tire & Rubber Co.*, No. 13-2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2015) (considering the risk of fraud or collusion between the parties in determining whether to approve an FLSA settlement and concluding that because the parties had engaged in court-supervised negotiations, there was no such risk); *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. CIV. A. 06-299-JBC, 2008 WL 4724499, at *6 (E.D. Ky. Oct. 23, 2008) ("In the absence of any

Page 8 of 14
Danny Calloway, et al. v. Boyne USA, Inc.
U.S.D.C. (W.D. Mi.) Case No. 1:21-cv-521-JMB-SJB
Brief in Support of Joint Motion for Conditional Certification,
Approval of Collective Action Settlement, and Distribution of Notice

evidence to the contrary, it is presumed that no fraud or collusion occurred."). This settlement was reached as a result of arm's length negotiations between the Parties through experienced attorneys, involving a free exchange of payroll data and damages calculations.

Second, the complexity, expense, and likely duration of the litigation should a settlement not have been reached weighs heavily in favor of finding that this settlement is fair and reasonable. *Fitzgerald v. P.L. Mktg., Inc.*, No. 217CV02251SHMCGC, 2020 WL 3621250, at *9 (W.D. Tenn. July 2, 2020) (approving a settlement agreement in part because "[t]he costs, risks, and delay of trial would have been substantial."). If the case had not settled, the Parties would have spent significant time and resources conducting formal written and deposition discovery. After the resolution of these issues, the Parties faced the prospect of an expensive, lengthy trial.

Rather than take this path, the Parties directed their efforts toward an early, informed, efficient resolution of Plaintiffs' claims. While a number of issues remain unresolved in this litigation, preparation for the Parties' settlement negotiations enabled counsel to assess the strengths and weaknesses of their case and reach the conclusion that settlement is in the Parties' best interest. Therefore, the settlement is an informed resolution, with the Parties having obtained information demonstrating that the issues in the case are complex and the cost of litigating further would be substantial. *See Mazariegos v. MemMex, Inc.,* No. 219CV02165SHLTMP, 2019 WL 11583455, at *2 (W.D. Tenn. June 26, 2019) (approving settlement agreement in part because "settlement now will avoid additional expenditures of time and resources through the [] trial date…").

Page 9 of 14
Danny Calloway, et al. v. Boyne USA, Inc.
U.S.D.C. (W.D. Mi.) Case No. 1:21-cv-521-JMB-SJB
Brief in Support of Joint Motion for Conditional Certification,
Approval of Collective Action Settlement, and Distribution of Notice

Third, the proceedings have advanced to a stage sufficient to permit the Parties and their experienced counsel to collect, obtain, and review evidence; evaluate their claims and defenses; understand the scope of potential damages; and engage in negotiations with the mutual understanding that continuing toward additional formal discovery and completing dispositive motion practice would be a difficult, costly, and uncertain undertaking. The Parties exchanged initial disclosures, and the Parties made calculations based on Defendants' relevant time and payroll records.

Fourth, although the Parties disagree on the merits of their respective positions, they each understand that legal questions and facts are genuinely in dispute, and that the probability of Plaintiffs' success on the merits is uncertain. As stated below, the range of potential recovery is relatively low, and the outcome will depend on how the Court might decide certain issues. The Settlement Amount agreed upon between Plaintiffs and Defendant reflects a compromise by both Parties. The Settlement Amount each Plaintiff will receive is based on the number of overtime hours he or she worked and the commissions he or she made for Defendant as a Sales Agent during the limitations period. Whether Plaintiffs were employees of Defendant entitled to receive overtime compensation in the first place and whether the limitations period should be two years or three would have been hotly contested if the case had continued. By agreeing to a settlement, Plaintiffs ensured that they will be compensated based on their own best estimates.

Fifth, while the range of possible recovery in this case is uncertain, Plaintiffs are each receiving approximately 166% of their calculated damages for the violation pled in the Complaint. Defendant would have argued at trial that Plaintiffs were entitled to no

Page 10 of 14
Danny Calloway, et al. v. Boyne USA, Inc.
U.S.D.C. (W.D. Mi.) Case No. 1:21-cv-521-JMB-SJB
Brief in Support of Joint Motion for Conditional Certification,
Approval of Collective Action Settlement, and Distribution of Notice

recovery at all. Any eventual damages award would be based on the resolution of disputed facts. Plaintiffs' agreement to accept <u>more</u> than their alleged lost wages in settlement of their claims was a reasonable compromise.

Sixth, during the litigation and settlement of this action, Plaintiffs were represented by counsel both respected in the community and experienced in handling wage and hour actions. Counsel indicate their support for the proposed Agreement by conferring and filing this Joint Motion. Plaintiffs' counsel, Sanford Law Firm, PLLC, has the experience to assess the risks of continued litigation and benefits of settlement and have done so in this action. Plaintiffs' attorneys have litigated over 1,300 wage and hour lawsuits across the nation, amassing significant experience in employment matters including wage-and-hour class and collective actions in federal courts in numerous states. Plaintiffs' counsel routinely represent employees with claims against employers similar to the claims asserted in this case.

Defendant is represented by Plunkett Cooney, which is similarly experienced at litigating employment disputes generally. Counsel for both Parties have advised their respective clients regarding the settlement, and they have recommended judicial approval: the Court should afford those recommendations some weight. *See Lynn's Food Stores*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness); *See also Mazariegos*, 2019 WL 11583455 at *2 (approving settlement agreement in part because "counsel for the Parties indicated their support for the proposed Settlement by conferring and filing this Joint Motion"). Under these circumstances, the Agreement is fair, reasonable, and adequate for Plaintiffs, and the Court should approve it.

Page 11 of 14
Danny Calloway, et al. v. Boyne USA, Inc.
U.S.D.C. (W.D. Mi.) Case No. 1:21-cv-521-JMB-SJB
Brief in Support of Joint Motion for Conditional Certification,
Approval of Collective Action Settlement, and Distribution of Notice

### E. Attorney's Fees

Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (citing *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984)). Under the terms of the Agreement, Plaintiffs' Counsel is receiving $34,933.14, or 40% of the common fund, consistent with their written contingency fee agreement with Named Plaintiff. This amount has been found to be reasonable in this Circuit. *See Salinas v. U.S. Xpress Enterprises, Inc.*, 1:13-CV-245, 2018 WL 1475610 (E.D. Tenn. Mar. 26, 2018); *Brittmon v. Upreach LLC*, 2:17-CV-219, 2018 WL 7889855, at *2 (S.D. Ohio Nov. 8, 2018).

Plaintiffs' Counsel has incurred approximately $19,000.00 in fees and expenses in taking this case from preliminary investigation and Complaint drafting, through informal discovery, settlement negotiations, and setup of the proposed settlement. However, because Plaintiffs' Counsel will take the role of Settlement Administrator if the Parties' settlement is approved, the bulk of their work lies ahead in the distribution and receipt of Notice and Consent forms and communications with the almost 600 Potential Opt-In Plaintiffs regarding the settlement. Therefore, the Parties agree that the award of 40% of the common fund, plus incurred costs, is fair and reasonable.

### III.  CONCLUSION

This FLSA collective action settlement is a product of arm's length negotiations between counsel, and it resolves a *bona fide* dispute over Plaintiffs' FLSA claims. The settlement is fair and reasonable and provides Plaintiffs with significant monetary relief. Accordingly, the Parties jointly and respectfully request that this Court approve the

Page 12 of 14
Danny Calloway, et al. v. Boyne USA, Inc.
U.S.D.C. (W.D. Mi.) Case No. 1:21-cv-521-JMB-SJB
Brief in Support of Joint Motion for Conditional Certification,
Approval of Collective Action Settlement, and Distribution of Notice

Parties' settlement agreement and the distribution of the Settlement Amount to Plaintiffs as described above and as set forth in the Agreement. Furthermore, the Parties jointly request that the Court award a reasonable attorneys' fee and litigation costs as requested in the Agreement. Finally, the Parties jointly request that this action be dismissed with prejudice upon the Court's entry of an order approving the settlement.

        Respectfully submitted,

**DANNY CALLOWAY, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

and   **BOYNE USA, INC., DEFENDANT**

PLUNKETT COONEY
38505 Woodward Ave., Suite 100
Bloomfield Hills, MI 48304
Telephone: (248) 901-4027

*/s/ Patrick C. Lannen*
Patrick C. Lannen (P73031)
plannen@plunkettcooney.com

Page 13 of 14
Danny Calloway, et al. v. Boyne USA, Inc.
U.S.D.C. (W.D. Mi.) Case No. 1:21-cv-521-JMB-SJB
Brief in Support of Joint Motion for Conditional Certification,
Approval of Collective Action Settlement, and Distribution of Notice

## CERTIFICATE OF SERVICE

    I hereby certify that on this 18th day of July, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all parties.

*/s/ Josh Sanford*
Counsel for Plaintiff

Page 14 of 14
Danny Calloway, et al. v. Boyne USA, Inc.
U.S.D.C. (W.D. Mi.) Case No. 1:21-cv-521-JMB-SJB
Brief in Support of Joint Motion for Conditional Certification,
Approval of Collective Action Settlement, and Distribution of Notice